U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2017 SEP 13 PM 3: 34

CLERK
BY ⟨signature⟩
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 5:13-cr-152 |
| ) | |
| ERIK DOWNS ) | |

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Docs. 58, 66, & 72)

This matter came before the court for a review of the Magistrate Judge's July 27, 2017 Report and Recommendation ("R & R"). (Doc. 72.) On April 7, 2017, Defendant Erik Downs, who is self-represented, filed a motion pursuant to 28 U.S.C. § 2255 seeking a reduction of his mandatory minimum 120-month sentence on the ground that he received ineffective assistance of counsel at sentencing. (Doc. 58.) On May 15, 2017, Defendant filed an amended motion further contending that the court failed to sentence him pursuant to a one-to-one crack-to-powder ratio, and erroneously added offense level points for reckless endangerment under United States Sentencing Guideline ("U.S.S.G.") § 3C1.2. (Doc. 66.) The government opposes both motions. Neither party has filed an objection to the R & R, and the time to do so has expired.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his sixteen page R & R, the Magistrate Judge carefully considered Defendant's ineffective assistance of counsel claim. Defendant alleges that counsel failed to advise him that his 60-month sentence for possession of a firearm during a drug trafficking offense would run consecutively to his 60-month sentence for distribution of cocaine base. As the Magistrate Judge observed, Defendant's counsel stated that he "never informed [Defendant] that his sentences (on Counts 1 and 2) would run concurrently[,]" and instead told him "on multiple occasions" that the sentences would run consecutively. (Doc. 69 at 1, ¶¶ 5-6.) The Magistrate Judge highlighted several examples in the record that support counsel's statements, and he committed no error in concluding that Defendant failed to satisfy either prong of the *Strickland* test for establishing ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) ("First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.").

With respect to Defendant's claims that the court erred in calculating his sentence, the Magistrate Judge correctly concluded the court's alleged errors were non-constitutional and therefore procedurally barred because Defendant failed to raise them on direct appeal. *See Graziano v. United States*, 83 F.3d 587, 589-90 (2d Cir. 1996) (holding "collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional claim of error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice") (internal quotation marks omitted). The Magistrate Judge nevertheless proceeded to analyze Defendant's arguments and properly concluded that the court was required to impose the 120-month term of imprisonment because the case involved a statutorily mandated minimum sentence. As a result, a departure or variance based on a 1:1 ratio between cocaine base and cocaine

2

powder would not reduce Defendant's sentence. Likewise, had the court not applied a "reckless endangerment during flight" adjustment under U.S.S.G. § 3C1.2, Defendant's sentence would also remain unchanged.

Based on the foregoing, the Magistrate Judge properly concluded that Defendant failed to meet his burden of establishing by a preponderance of the evidence any claim advanced in his § 2255 motions. The court finds the Magistrate Judge's conclusions well-reasoned and consistent with the applicable law.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 72), DENIES Defendant's motion to vacate and amended motion to vacate, and DISMISSES Defendant's § 2255 motion and amended motion (Docs. 58 & 66).

Pursuant to Fed. R. App. P. 22(b)(1) and 28 U.S.C. § 2253(c)(2), the court DENIES Defendant a certificate of appealability in this matter because Defendant has failed to make a substantial showing of the denial of a constitutional right.
SO ORDERED.

Dated at Burlington, in the District of Vermont, this 13th day of September, 2017.

Christina Reiss, Chief Judge
United States District Court

3